DEAR CLERK,

I WOULD LIKE TO SUBMIT THE FOLLOWING MOTION AND PRIMA FACIE ARGUMENTS AS A SUPPLEMENT TO MY RECENT REQUEST FOR CERTIFICATION TO FILE A SECOND AND SUCCESSIVE 2255 PETITION IN LIGHT OF "JOHNSON VS. UNITED STATES" AND ITS RETROACTIVE APPLICABILITY.

I AM FILING THE FOLLOWING MOTION IN THE ABUNDANCE OF CAUTION SINCE NO ARGUMENTS WERE ATTACHED TO MY INITIAL REQUEST FOR A SECOND AND SUCCESSIVE 2255 PETITION AND IT IS MY PRAYER THAT THE HONORABLE COURT WEIGHS THE ARGUMENTS PRESENTED AND FINDS THAT THIS DEFENDANT IS INDEED QUALIFIED TO SEEK RELIEF AT THE DISTRICT COURT FOR THE DISTRICT OF HAWAII VIA A SECOND OR SUCCESSIVE 2255 PETITION.

I THANK YOU FOR YOUR TIME AND YOUR CONSIDERATION IN THIS VERY IMPORTANT LEGAL MATTER AND I LOOK FORWARD TO YOUR RESPONSE.

RESPECTFULLY SUBMITTED,

[signature]

REG. # 95609-022

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUL 25 2016

FILED_____
DOCKETED_____
DATE_____ INITIAL

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CASE NO.1:06-CR-00080-005

---------------

ETHAN MOTTA

                Appellant,

-vs-

UNITED STATES OF AMERICA,

                Appellee.


MOTION UNDER 28 U.S.C. § 2244

FOR ORDER AUTHORIZING DISTRICT COURT

TO CONSIDER RELIEF UNDER § 2255

Now Comes, ETHAN K. MOTTA, appearing pro-se, and respectfully moves this honorable appeals court for an order authorizing the district court to consider relief under a second or successive § 2255 motion in accordance with 28 U.S.C. § 2244(b)(3)(A).

MOTTA asserts that his claim meets the second exception to the general bar against successive § 2255 motions because he relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2); JOHNSON v. UNITED STATES, -- U.S. -- 135 S.Ct. 2551 (June 26, 2015), holding that the residual clause of the ACCA is unconstitutionally vague. The Supreme Court also struck down as unconstitutionally vague a portion of the

1

statutory definition of "violent felony" used in the ACCA. Id.

The Supreme Court has held that the rule announced in Johnson is retroactive because it is a substantive rule of constitutional law. See, WELCH v. UNITED STATES, No. 15-6418, 2016 WL 1551144 (Apr. 18, 2016).

MOTTA contends that he has made a 'prima facie' showing pursuant to the criteria set forth in §§ 2244(b)(2), 2255(h)(2) and states the following in wit to support:

## JURISDICTION

This appeals courts jurisdiction is invoked pursuant to 28 U.S.C. § 1291; § 2244(b)(3)(A) and § 2255(h)(2).

Therefore, this court has authority to review and adjudicate the present petition before it.

## STANDARD OF REVIEW

A prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate Court of Appeals. 28 U.S.C. § 2244(b)(3).

The Court of Appeals must examine the application to determine whether it contains any claim that satisfies § 2255(h)(1) or (h)(2). If so, the court should authorize the prisoner to file the entire application in the district court, even if some of the claims in the application do not satisfy the applicable standards. See, NEIVUS v. McDANIEL, 104 F.3d 1120, 1121 (9th Cir. 1996).

The Appeal Courts review is necessarily preliminary and limited to the conclusion that MOTTA has made a 'prima

facie' showing of a tenable claim under Johnson. See § 2244(b)(2).

## DISCUSSION

Application of Johnson.

MOTTA contends that the Johnson decision is applicable to his case and that he is among the "class of persons" that qualify for Johnson relief.

MOTTA points out that the Johnson decision has even broader implications on cases than was first expected.

Although the Johnson decision held that the "residual clause" of 18 U.S.C. § 924(e) is "void-for-vagueness" because it violates the Due Process Clause, it also has been extended to apply to other statutes, such as: (a) title 18 U.S.C. § 924(c)(1)(A),(c)(3)(A)-(B)(the "firearm statute"); (b) 18 U.S.C. § 3559(c)(2)(F)(ii)(California's "three strike law"); (c) title 18 U.S.C. § 16(b); (d) 18 U.S.C. § 1101(a)(43)(F); (e) 18 U.S.C. § 1959(a)(Racketeering); and (f) U.S.S.G. § 4B1.1(the "Career Offender Provision"); (g) 18 U.S.C. § 1951(a)(the "Hobbs Act robbery"); among others.

All of these statutes have "residual clauses" attached to them which involves the "double-indeterminacy flaw" and the "risk assessment" that are similar and identical to the language found in the ACCA residual clause, where courts have held that such uncertainties "void-for-vagueness" and violated the due process clause. See, Dimaya v. Lynch, 803 F.3d 1110, 1114-20 (9th Cir. 2015)(finding § 16(b) unconstitutionally vague in the wake of the Johnson decision-regarding 8 U.S.C. § 1101(a)(43)(F)); U.S. v. Edmundson, 2015 U.S. Dist. LEXIS

3

171007 (D.Md. 2015)(holding the residual clause under § 924(c)(3)(B) was unconstitutionally post-Johnson-regarding 18 U.S.C. § 1951(a)); also see U.S. v. Vivas-Ceja, 808 F.3d 719, 723 (7th Cir. 2015)(the court reasoned that "the heart of" Johnson was the Supreme Courts concern with the combined effect of the "categorical approach" and the "risk assessment," uncertainties that was present in § 16(b)'s residual clause.

MOTTA's case involves statutes, such as: 18 U.S.C. § 1959(a)(1),(a)(3); and § 1962(c),(d) (the "RICO Conspiracy") and ("Racketeering").

The statutes have § 16(b)'s residual clause attached to them. See, Leocal v. Ashcroft, 543 U.S. 1, 125 S.Ct. 377, 160 Led.2d 271 (2004).

The Supreme Court in Leocal, clarified that the definition in title 18 U.S.C. § 16(b) was intended to apply to 18 U.S.C. § 1959 crimes. Id.

Section 16(b) defines a "crime of violence" as:
(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property may be used in the course of committing the offense. 18 U.S.C. § 16(b).

Section 924(e) defines a "violent felony" as:
[A]ny crime punishable by imprisonment for a term exceeding one year, that --
(ii) .... involves conduct that presents a serious potential risk of physical injury to another. 18 U.S.C. § 924(e)(2)(B)(ii).

4

The Fifth, Seventh, and Ninth Circuits have held that this language is sufficiently similar to the ACCA's language to suffer the same unconstitutional fate. See, United States v. Gonzalez-Longoria, (No.15-40041)(5th Cir. Feb. 10, 2016); Vivas-Ceja, Id. at 720 (7th Cir. 2015); and Dimaya v. Lynch, 803 F.3d 1010 (9th Cir. 2015).

These Circuits held that § 16(b) statutory definition of "crime of violence" is unconstitutionally vague in light of Johnson.

Therefore, Sections 924(e) and 16(b)'s residual clauses "both denied fair notice to defendants and invited arbitrary enforcement by judges." 135 S.Ct. at 2557.

The Ninth Circuit also found that § 16(b) "requires the identical indeterminate two-step approach" as the ACCA residual clause: the court must first determine what constitutes the "ordinary case" of a crime and then how much risk qualifies as "substantial" without any guidance from the statute. Vivas-Ceja, Id. at 722-23.

_____ contends that he has made the 'prima facie' showing pursuant to 28 U.S.C. § 2255(h)(2) and 2244(b)(3)(C) and hope the court will grant him authorization to file the successive § 2255 motion no later than 30 days after the filing of this motion. 28 U.S.C. § 2244(b)(3)(D).

## CONCLUSION

MOTTA urges this honorable Appeals Court for the Ninth Circuit to stand by its binding authority and issue an order authorizing the district court to consider relief under a 'successive' § 2255 motion.

5

MOTTA claims that his 'predicate crimes' of robbery/ extortion, EXTORTION CONSPIRACY, attempted murder, and murder, all in violation of title 18 U.S.C. § 1959(a)(1), (a)(5), § 2; and 1962(c),(d) does not -- absent application of § 16(b)'s residual clause -- meet the definition of a "crime of violence" for purposes of imposing any statutory or guideline enhancements for Counts 1-3, and 6-8, of the Superseding indictment in light of Johnson.

Movant Prays the Court issues the appropriate order.

CERTIFICATE OF SERVICE

I, ETHAN K. MOTTA, hereby certify that 'one original' and 'one copy' of the attached: "MOTION UNDER 28 U.S.C. § 2244 and 28 U.S.C. § 2255" has been forwarded to the following address(es) listed below by way of U.S. Mail, postage pre-paid on this 19th day of July, 2016.

Clerk of the Court

U.S. Court of Appeals

For the Ninth Circuit

95 Seventh Street

San Francisco, CA. 94103

Thomas J. Brady

Assistant U.S. Attorney

PJKK Federal Bldg.

300 Ala Moana Blvd., Ste. 6100

Honolulu, Hawaii. 96850

Respectfully Submitted,

REG # 95609-022

U.S. PENITENTIARY - LEE

P.O. BOX 305

JONESVILLE, VA 24263